**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JM REALTY & INVESTMENTS, LLC. | ) |
| | ) Civil No. 07-218 |
| Plaintiff, | ) Hon. Faith S. Hochberg, U.S.D.J. |
| v. | ) |
| | ) **OPINION & ORDER** |
| KENNEDY FUNDING, INC.; JEFFREY WOLFER; JOHN DOES 1-10 (Fictitious names for the person(s), attorneys and/or entity responsible for the damages complained of by the Defendants/Third Party Plaintiffs herein) DEVELOPMENT, *et al.* | ) |
| | ) Date: July 26, 2007 |

**HOCHBERG, District Judge:**

This matter having come before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint[1] with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), and this Court having reviewed the motion without oral argument pursuant to Fed. R. Civ. P. 78; and

it appearing that this action is related to a commercial lending transaction between Defendant Kennedy Funding, Inc. ("KFI"), the borrower, and J&M Development, LLC ("J&M Development"), the lender and a non-party, wherein J&M Development sought a $12 million loan from KFI to fund the construction of residential properties in Illinois; and

it appearing that the two parties signed a loan commitment (the "Agreement"), which required in part that J&M Development pay KFI a non-refundable commitment fee; and

---

[1] Diversity jurisdiction is appropriate, as (1) the amount-in-controversy requirement has been satisfied, and (2) Plaintiff is a Wisconsin limited liability company, Defendant KFI is a New Jersey corporation, and Defendant Jeffrey Wolfer is a resident of the state of New Jersey.

it appearing that the plaintiff, JM Realty & Investments LLC ("Plaintiff"), supplied J&M Development, a company with no relationship to Plaintiff, with the funds (totaling $190,000) to cover that commitment fee; and

it appearing that Plaintiff alleges that Defendant Jeffrey Wolfer, the president and co-CEO of KFI (collectively, "Defendants"), provided oral assurances directly to Plaintiff in a series of telephone calls that KFI would refund the fee put up by Plaintiff "should the transaction not be consummated," see Amended Complaint ¶¶ 19-20; and

it appearing that the loan failed to close, and KFI retained the $190,000; and

it appearing that Plaintiff subsequently filed suit against Defendants to recover the fee, alleging eleven separate counts: (1) violations of the New Jersey Racketeer Influenced Corrupt Organization Act ("NJRICO"); (2) unjust enrichment premised on the failure of certain preconditions of the loan commitment; (3) unjust enrichment premised an aborted contract and/or a breach of contract by Defendants; (4) breach of contract; (5) breach of the covenant of good faith and fair dealing; (6) common law fraud; (7) violations of the New Jersey Consumer Fraud Statute ("NJ Consumer Fraud Statute"); (8) that the Agreement was an illusory contract; (9) that the Agreement was a void option contract; (10) seeking declaratory judgment that the Agreement was void and unenforceable; (11) that the Agreement was an unconscionable contract; and

it appearing that to survive a Rule 12(b)(6) Motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact," Bell Atlantic Corp. v. Twombly,

127 S.Ct. 1955, 1964-1965 (2007);[2] and

  it appearing Plaintiff alleges that Defendant promised to refund the commitment fee to Plaintiff if the loan failed to close for any reason, and that nowhere in Plaintiff's pleadings does Plaintiff suggest that there were conditions placed on this promised refund, so that the fact that Defendant allegedly acted improperly with regard to the Agreement should have no bearing on the oral "promise" allegedly made by Defendant Wolfer to Plaintiff that "in no uncertain terms, that [] KFI would repay the advanced fee to the plaintiff if the transaction were not consummated," see Plaintiff's Reply Brief, dated April 9, 2007, at 18; and

  it appearing that Plaintiff was also not a third-party beneficiary of the Agreement;[3] and

  it appearing that, as such, Plaintiff cannot bring a claim to challenge the validity of the Agreement; and

  it appearing that many of Plaintiff's claims are based upon Defendants' alleged fraud regarding the Agreement, to which Plaintiff not a party; and

---

 [2]Although a court does not need to credit a complaint's "bald assertions" or "legal conclusions," it is required to accept as true all of the allegations in the complaint as well as all reasonable inferences that can be drawn therefrom and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997), citing Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  See also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The Supreme Court recently held that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp., 127 S.Ct. at 1969.

 In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the Plaintiff's claims are based on those documents. Pension Guaranty Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1992).

 [3]In order for Plaintiff to be considered a third party creditor beneficiary of the Agreement, the parties to the Agreement must have intended Plaintiff as such.  See, e.g., 13 Williston on Contracts § 37:14 (4th ed.).  There is no allegation that this was the case here.

it appearing that, of the eleven counts alleged in Plaintiff's Amended Complaint, only three – (3) unjust enrichment premised on breach of contract, (4) breach of contract and (5) breach of the covenant of good faith and fair dealing – assert factual allegations that are clearly related to the alleged oral agreement between Plaintiff and Defendants sufficient to survive a 12(b)(6) motion, see Twombly, 127 S.Ct. at 1964-1965 (2007);[4]

**IT IS** on this 26th day of July, 2007,

**ORDERED** that Defendants' Motion to Dismiss is **DENIED** with respect to Counts 3, 4 and 5 of Plaintiff's Amended Complaint, and **GRANTED** with regard to the remaining counts in Plaintiff's Amended Complaint.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

[4]The remaining counts rely entirely on allegations related to the Agreement, to which Plaintiff is not a party. For example, Count 6 (Common Law Fraud) is premised on Defendants' representations regarding Defendants' ability to loan money to J&M Development in accordance with the Agreement. See Amended Complaint at ¶¶177-181. These representations, as noted in this Court's opinion, have no bearing on the alleged oral agreement between Defendants and Plaintiff, wherein Defendants allegedly promised to return the commitment fee regardless of whether or not the loan was secured.